[Civ. No. 9078. First Appellate District, Division Two.—November 9, 1933.]

B. H. GRAFF, Appellant, v. T. W. CORDER, INC. (a Corporation), Respondent.

H. U. Brandenstein and James J. Cronin, Jr., for Appellant.

Decoto & St. Sure and Burton Latham Walsh for Respondent.

NOURSE, P. J.—Plaintiff sued on a promissory note. The defendant pleaded the statute of limitations and had judgment, from which the plaintiff has appealed on the judgment-roll and the bill of exceptions.

The promissory note was executed on November 6, 1925, as part payment for services rendered by plaintiff in negotiating a lease of real property owned by the defendant. The note which was made payable upon demand was accompanied by an agreement which was made a part of the same transaction and which recited that the note should not become due until the completion of a building contemplated to be erected pursuant to the terms of the lease and that the note should not be presented for payment "until after said contemplated building is completed and ready for occupancy". The lease called upon the defendant as owner of the property to add three stories to an existing building at a cost which should not be in excess of $180,000. It ran for a term of twenty years at a monthly rental of $4,400 for the first half of the period and $5,500 for the remainder. It stipulated that if the cost of the improvements should exceed the sum of $180,000 then "by consent of both parties hereto" the rentals therein agreed to would be increased in an amount proportional to such additional cost. It was understood that the existing portion of the building was under lease to various tenants and that their rights were to be protected. Plans and specifications were prepared for the construction of the improvements to the building and bids of general contractors were received ranging from $202,000 to $218,000. These bids did not include the cost of a number of reserve items nor the architect's fee. In February, 1926, the lessee was notified that the building

could not be constructed as contemplated and efforts were made to procure his agreement to pay an additional rental proportionate to the increased cost of construction. This the lessee declined to do and in March, 1927, all negotiations between the lessee and the defendant were discontinued. During these negotiations it had been found that the tenant of one of the stores located in the central part of the existing building refused to move or to give up his lease. Under the plan accepted by the owner this particular store was desired in order to provide a central entrance to the upper floors contemplated to be constructed under the terms of the lease. On July 1, 1927, the lease of this tenant expired.

█ The trial court found that the owner and the lessee could not agree upon the final details of the plans and specifications and the rental of the building and that the contemplated building was never constructed and that for some time prior to November 7, 1926, plaintiff knew that the building thereof had been entirely abandoned; that a reasonable time in which to construct the building contemplated was the period of one year after November 7, 1925; that on this date, to wit, November 7, 1926, a cause of action based on the written instrument arose in favor of the plaintiff and against the defendant; that this action was not commenced within four years following the time the cause of action arose. From these findings the trial court concluded that the cause of action was barred.

On this appeal the appellant stated that "the sole issue, therefore, is from what date should the statutory period be calculated". The appeal is taken on a bill of exceptions which does not contain any specifications of error nor state any particulars in which the evidence is claimed to be insufficient to justify any of the findings of the trial court. In support of the issue stated to be involved the appellant in his opening brief confines his attack to finding number five wherein the trial court found that plaintiff knew prior to November 7, 1926, that the contemplated building had been abandoned. No attack is made on finding number six wherein the trial court found that a reasonable time in which to construct the building was the period of one year after November 7, 1925. Appellant concedes that one year was the reasonable time in which to construct said building but argues that that period should not begin until July 1,

1927, because it was not until that date that the owner was relieved from the lease of the subtenant occupying the central store. But this factor was only one obstacle delaying the construction of the building. Another and far more important obstacle was the failure of the parties to agree upon the increased rentals made necessary because of the excess cost in the construction of the building. The evidence discloses that the lease, the promissory note, and its accompanying agreement were all prepared and written by the appellant; that he alone represented to the owner and to the lessee that the additions to the building could be constructed for a sum not in excess of $180,000. It was upon his representation that the rentals were fixed in the lease to pay a return on that cost. The evidence was that this representation of cost was not based on estimates made by the architect. Taking the evidence as a whole the trial court could properly have found that the appellant knew from the outset that the building could not have been constructed as represented, and these facts taken with the evidence of plaintiff's familiarity with the neighborhood of the proposed building are sufficient to support the finding that he knew that the building as contemplated in the lease had been abandoned.

But the judgment does not depend upon this finding alone. The trial court found on all the evidence that a reasonable time for construction of the building was one year from November 7, 1925. If the evidence is sufficient to support this finding the judgment must be sustained because the action was not commenced within the statutory period. If the evidence is insufficient for that purpose the particulars in which such evidence is alleged to be insufficient should have been specified in the bill of exceptions or should have been pointed out in the briefs. The suggestion is made by the appellant that because of the difficulty in adjusting the rights of the subtenant, a reasonable time for the construction of the improvements should not commence until the termination of the subtenant's lease on July 1, 1927, because the plans contemplated the use of his portion of the building for an entrance to the upper floors. But this central entrance was desirable though not essential to the construction of the improvements. Other plans were fully discussed and it was a reasonable inference which

274

the trial court might have drawn from all the evidence that if the matter of cost and rental could have been adjusted the rights of the subtenant could have been easily taken care of. It is in the evidence that the owner urged the lessee to agree to give this subtenant a long term lease of another store in the building and to pay his expense of moving. It is also in the evidence that the owner and the lessee abandoned all negotiations under the terms of the lease in March, 1927. From this evidence the trial court might well have inferred that the parties took an unreasonable time to settle their difficulties and to proceed with the construction of the improvements. We cannot say from the evidence that the trial court erred in finding that a reasonable time for the completion of the building expired in November, 1926.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 8, 1934.